UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN KNOWLTON, *et al.*, individually, and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| ) | Consolidated Case |
| v. ) | No. 4:13-cv-210 SNLJ |
| ) | |
| ANHEUSER-BUSCH COMPANIES, LLC, *et al.*, ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This class action has been certified under Federal Rule of Civil Procedure 23 against defendants Anheuser-Busch Companies, LLC ("ABC"), Anheuser-Busch Companies Pension Plan ("Plan"), Anheuser-Busch Companies Pension Plan Appeals Committee, and Anheuser-Busch Companies Pension Plan Administrate Committee. Plaintiffs allege they are former employees of Busch Entertainment Corporation ("BEC"), are salaried participants in the Pension Plan, and are entitled to certain enhanced benefits under the Pension Plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically 29 U.S.C. § 1132(a)(1).

Currently before the Court is the plaintiffs' motion to compel responses to discovery requests served upon the defendants. Plaintiffs served three interrogatories and eight requests for production. It appears that the parties are in dispute regarding Interrogatories 1 and 2 and Document Requests 6 and 8.[1] Interrogatories 1 and 2 seek a wide variety of specific information for each of the approximately 900 class members, including address, employment term, dates of

---

[1] Document Requests 4 and 5 were also at issue originally; however, plaintiffs' reply memorandum (#88) states that defendants have agreed to produce documents responsive to those requests.

termination and retirement, average annual earnings, and benefit information, among others. Document Requests 6 and 8 seek materials that constitute the administrative record in this case; defendants stated that they would gather and produce those documents no later than November 10, 2014. The plaintiffs filed their reply memorandum on November 7, but the Court presumes the defendants made good on their promise to produce documents responsive to Requests 6 and 8.

Defendants have not responded to Interrogatories 1 or 2 yet because they say the information plaintiffs seek is not relevant to the benefits decision currently under review in this case; rather, the information pertains only to the amount of benefit available under different scenarios and not the eligibility for the benefit enhancement at issue. The information plaintiffs seek is relevant only if plaintiffs are successful. Moreover, defendants state that the information plaintiffs seek is not collectively maintained in the ordinary course of business and that it will be time and labor-intensive to collect it.

A motion for judgment on the pleadings was filed on November 10. The outcome of that motion will determine whether the information plaintiffs seek must be produced. The Court will therefore deny the motion to compel without prejudice until after disposition of the motion for judgment on the pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel (#81) is **DENIED without prejudice**.

Dated this   18th   day of November, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE