UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRIAN KNOWLTON, *et al.*,            )
individually, and on behalf of all    )
others similarly situated,            )
                                      )
            Plaintiffs,                )
                                      )    Consolidated Case
v.                                     )    No. 4:13-cv-210 SNLJ
                                      )
ANHEUSER-BUSCH COMPANIES,             )
LLC, *et al.*,                         )
            Defendants.                )

## MEMORANDUM AND ORDER

Plaintiff class members are former employees of Busch Entertainment Corporation ("BEC"), which was a member of the "Controlled Group" of Anheuser-Busch Companies, LLC ("ABC"). Plaintiffs are salaried participants in the Anheuser-Busch Companies Pension Plan ("Plan" or "Pension Plan"). This Court granted judgment on the pleadings to plaintiffs on Count I of plaintiffs' Complaint after adopting the reasoning of the United States Court of Appeal for the Sixth Circuit in *Adams v. Anheuser-Busch Companies, Inc.*, 758 F.3d 743 (6th Cir. 2014). Without repeating the facts and law articulated in this Court's memorandum and order (#104), the Court's judgment was that plaintiffs are entitled to the application of the "enhanced benefit" outlined in the defendant Pension Plan's Section 19.11(f). Plaintiffs seek discovery now to determine a damages calculation, or "the amounts of the additional benefits due each class member." (#112 at

1

1.) Defendants state that discovery and a damages calculation is unnecessary, and they have filed a motion for a final order and for stay of judgment pending appeal (#108). Plaintiffs state that a final order is inappropriate at this point and that the Court of Appeals could not take jurisdiction over an appeal because the order does not resolve all of the relief requested in plaintiffs' complaint. Plaintiffs argue that an actuary can calculate the damages owed to them after defendants produce certain requested documents. Further, plaintiffs oppose defendants' request for a stay of the judgment without bond.

## I. Final Judgment

Defendants contend that the final, appealable order in this case need not include a final "damages" number because, after the question regarding application of Section 19.11(f)'s enhanced benefits is resolved by the Court of Appeals, the benefits will be calculated in the ordinary course of plaintiffs' respective benefit elections and in accordance with the Plan's provisions. Critically, the class includes individuals who have not yet elected their benefits. Thus, articulating a concrete damages number as plaintiffs request is not possible. Moreover, plaintiffs' complaint does not actually seek "damages," but rather the complaint presents a question of Plan interpretation and seeks an order directing application of the plaintiffs' interpretation of Section 19.11(f). According to defendants, one-third of the class has not made any elections with regard to benefits, and they may not do so for some time.

Plaintiffs rely on Eighth Circuit and other cases in support of their argument that a final judgment must include a damages number. However, in those cases, the plaintiffs

were seeking past owed plan payments, not future pension benefits subject to election differences. *E.g.*, *Welsh v. Burlington Northern, Inc.*, 54 F.3d 1331, 1335 (8th Cir. 1995); *West v. AK Steel Corp.*, 484 F.3d 395 (6th Cir. 2007).

The plaintiffs previously urged this Court to follow the path set forth in the *Adams* litigation. Now, it is the defendants urging the Court to follow *Adams*: On remand, after the Sixth Circuit Court of Appeals held the Section 19.11(f) enhancements should apply to those plaintiffs, the District Court there denied the plaintiffs' request for discovery and a designation of a "common fund" and entered a final judgment ordering the Plan to apply the benefit enhancement. Plaintiffs now says the cases are factually distinct because, in *Adams*, the class members were already receiving the enhanced benefits by the time the final order came around. In addition, there the defendants had produced two spreadsheets stating the names, Plan status, and benefits received and to be received by each of the 76 *Adams* class members. Plaintiffs here complain that Class Counsel does not have that same information. That information is immaterial, however, to the judgment at issue: plaintiffs' Complaint seeks an order requiring the Plan to apply the enhancement. It is not necessary for this Court to engage in a complicated hypothetical calculation of benefits that are owed in the future. Ultimately, if plaintiffs prevail in this matter after the entire case and appeals have concluded, they may seek to enforce the judgment if they believe the Plan is improperly calculating benefits.

The other matter at issue with respect to a final judgment is that the Court's judgment on the pleadings pertained to Count I. This case originally had three counts.

Count II was dismissed earlier in the case. Count III seeks the same relief as Count I, but for only a subset of the Count I class. This Court's holding in Count I is that everyone in the class is entitled to the enhancement, so there is no reason to reach Count III's separate theory of eligibility. Should the Court's judgment regarding Count I be overturned, this Court may address the arguments in Count III.

## II.  Stay of Judgment and Bond

Defendants ask for a stay of the final judgment pending appeal, and they ask that they not be required to furnish a bond. They argue that a stay is particularly appropriate here because if the Plan administrator begins paying benefit enhancements to certain Plan participants (either past-owed or forward-going benefits), then, if defendants are successful on appeal, they would face an impossible task of clawing backing those benefits payments. Critically, the payments would have been made from the Plan, and all participants would be disadvantaged by the Plan having paid out money determined on appeal not to have been warranted. The only way to guarantee that such a scenario does not result is to stay the judgment pending appeal pursuant to Federal Rule of Civil Procedure 62(d). This Court agrees.

Typically, when a Court stays a final judgment pending appeal, the appellant posts a bond; "however, the Court may grant the stay without a supersedeas bond or with a partial bond." *United States v. Mansion House Ctr. Redevelopment Co.*, 682 F. Supp. 446, 450 (E.D. Mo. 1988) (citing *Miami International Realty Co. v. Paynter*, 807 F.2d 871, 873

(10th Cir. 1986); *Federal Prescription Svc. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980).

> In determining whether to waive a supersedeas bond, district courts may look to the following factors: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*United States v. Peters*, No. 4:12-CV-01395-AGF, 2014 WL 4205065, at *2 (E.D. Mo. Aug. 22, 2014). The Court agrees with defendants that the facts here weigh against posting a bond. If the defendants are unsuccessful on appeal, the Plan administrator will simply apply the enhancement and issue any payments due (with interest, as specified in the Plan) at the conclusion of the case. There is no risk to the enhanced benefit payments should the appeal fail, and many of the enhanced benefit payment would not even be due immediately. The cost of the bond itself is an unnecessary expense that would ultimately adversely affect all the Plan participants. Due to the unique nature of the defendant Plan in this case, and the unique circumstances of any eventual payment of enhanced benefits, no bond is necessary in this case.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for a final order and for stay of judgment pending appeal (#108) is GRANTED.

5

**IT IS FURTHER ORDERED** that a final judgment will issue separately.

**IT IS FINALLY ORDERED** that final judgment will be stayed pending appeal with no bond required.

Dated this 9th day of October, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE