UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN KNOWLTON, *et al.*, individually, and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Consolidated Case<br>) No. 4:13-cv-210 SNLJ<br>) |
| ANHEUSER-BUSCH COMPANIES, LLC, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This Court ruled in favor of plaintiffs in its decision that the plaintiff class is entitled to the application of the "enhanced benefit" outlined in the defendant Pension Plan's Section 19.11(f). (#104.) Defendants sought to appeal that determination to the United States Court of Appeals for the Eighth Circuit, and the parties disagreed about what the judgment should include in order to be a final, appealable order. Plaintiffs sought discovery and a determination of "damages" figures for the members of the class. Defendants countered that a full one third of the class had not yet elected benefits under the plan, and the Court agreed that

> It is not necessary for this Court to engage in a complicated hypothetical calculation of benefits that are owed in the future. Ultimately, if plaintiffs prevail in this matter after the entire case and appeals have concluded, they may seek to enforce the judgment if they believe the Plan is improperly calculating benefits.

1

(#117 at 3.) The Court had answered the simple question that was at the heart of this ERISA case --- i.e., whether the class was entitled to application of Section 19.11(f)'s "enhanced benefits." Having determined that the class was entitled to such benefits, the defendant Pension Plan is and will be perfectly capable of calculating and distributing necessary benefits --- including payments it should have already paid out had it properly interpreted and applied the language of the Plan. However, the amount of those payments were not required to be part of the judgment itself.

Defendants filed their notice of appeal. Plaintiffs in turn filed the instant Motion to Alter or Amend Judgment and For Further Action pursuant to Rule 59(e) (#123). That Rule "provides a means for correcting manifest errors of law or fact…after a district court has handed down a judgment." *Sparkman Learning Ctr. v. Arkansas Dep't of Human Servs.*, 775 F.3d 993, 1000-01 (8th Cir. 20140. Plaintiffs suggest that this Court erred in its memorandum and order granting defendants' motion for entry of a final order. Plaintiffs again state that a "damages" calculation is required before defendants can appeal. First, plaintiffs argue that this Court wrongly refused to assess damages for the two-thirds of the class that have already elected benefits. Apparently, plaintiffs would have this Court enter a judgment stating a dollar amount due to those class members while ignoring "damages" for the remaining one-third of the class. Second, plaintiffs argue that the Court's order ignored the group of class members who would have been eligible to elect benefits earlier had the Section 19.11(f) enhanced benefits been appropriately applied.

Plaintiffs apparently want this Court to ask each of those individuals whether he or she would have elected benefits earlier had the individual had such an opportunity.

Plaintiffs continue to ignore that the defendant Pension Plan will calculate payments owed to each class member as required by the Pension Plan and this Court's orders. The "enhanced benefit" would be applied retroactively, and class members could make elections as appropriate. If the Court were to require the Pension Plan to calculate amounts owed today, the amounts would surely be different after the time necessary to complete an appeal had passed. (Notably, plaintiffs do not appear to suggest that the Pension Plan should be required to actually pay the amounts due under application of Section 19.11(f) in light of the possibility of reversal.) Plaintiffs' insistence that such "damages" calculations be made now is not only unnecessary to this Court's obligation to grant complete relief to the class, but it is also a waste of time and resources --- both judicial and otherwise. Plaintiffs have not shown manifest error in the Court's judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Alter or Amend Judgment and For Further Action pursuant to Rule 59(e) (#123) is DENIED.

Dated this __7th__ day of December, 2015.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE