UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRIAN KNOWLTON, *et al.*, )
individually, and on behalf of all )
others similarly situated, )
)
       Plaintiffs, )
)   Consolidated Case
v. )   No. 4:13-cv-210 SNLJ
)
ANHEUSER-BUSCH COMPANIES, )
LLC, *et al.*, )
       Defendants. )

## **MEMORANDUM AND ORDER**

Nearly four years ago, this Court granted judgment on the pleadings to plaintiffs, who claimed that, as salaried participants in the Anheuser-Busch Companies Pension Plan ("Plan" or "Pension Plan"), they were entitled to certain enhanced retirement benefits under Section 19.11(f) of the Plan. This Court agreed with plaintiffs. The Eighth Circuit affirmed that determination but remanded with instructions for the Court to "reconsider the plaintiffs' prayer for relief and, to the extent requested and provable, calculate and award the benefits owed to plaintiffs by applying Section 19.11(f)." *Knowlton v. Anheuser-Busch Cos. Pension Plan*, 849 F.3d 422, 432 (8th Cir. 2017).

Since remand, the parties have engaged in extensive discussions to reduce for judgment the remedial payments and benefit adjustments that will result from application of Section 19.11(f) to the class members' Plan benefits. As defendants note, the Eighth Circuit's directive to include the amount of the benefits in a final judgment presents logistical challenges because calculating benefits for hundreds of class members is time

1

consuming, expensive, and dependent on circumstances as of a particular date—the Remedial Payment Date. The Plan must know the Remedial Payment Date in order to calculate benefits. Earlier benefit calculations performed by the Plan (and agreed to by plaintiffs' actuarial expert) are now stale, and the parties appear to be at an impasse. The parties have filed various motions in order to bring this litigation to a close, namely (1) plaintiffs' motion to compel (#166), (2) defendants' motion for approval of form of judgment and for establishing timeframe to finalize judgment (#174), and (3) plaintiffs' motion to enter Rule 23 scheduling order (#181).

## I.     Plaintiffs' Motion to Compel

Plaintiffs moved to compel defendants to provide information relevant to determination of benefits. Defendants responded that plaintiffs never sought to resolve the motion without the Court's involvement, as required by the Federal Rules of Civil Procedure, and represent that they have now provide the information in question. Moreover, plaintiffs filed no reply to argue otherwise. The Court will therefore deny the motion pursuant to Rule 37(a)(1).

## II.    The Parties' Competing Motions

Although plaintiffs insist that this Court must calculate benefits due to all the class members, the Eight Circuit remanded this class with instructions to calculate and award benefits "to the extent requested and provable." There are two types of class members: those who have already elected Plan benefits ("Group A"), and those who have not yet elected Plan benefits ("Group B").

Defendants ask this Court to approve a form of the judgment they anticipate

providing. The judgment would have five attached schedules. Four schedules would provide calculation of benefits for four categories of Group A class members whose benefits can be calculated. The Fifth Schedule would identify members of Group B, who have not yet elected or commenced a benefit, and thus do not have a provable benefits calculation at this time. For those Group B class members, the Plan will apply the enhanced pension benefit of Section 19.11(f) to calculate payments as required by the benefit ultimately selected by the participant. Those Group B class members will not receive a remedial back payment because they are not owed remedial back payments.

In addition, the judgment proposed by defendants would set a Remedial Payment Date 180 days after the date of this Order. The Remedial Payment Date is the date on which remedial payments will be made to Group A class members. The amount of the payments are dependent on the benefits already paid and the interest due on the additional payments through the Remedial Payment Date. If the remedial payments are not paid on the Remedial Payment Date, then the calculations must be redone. Defendants propose that the Court set a deadline 45 days from the date of this Order by which the defendants should file under seal the Five Schedules with updated benefits calculations along with the proposed final judgment. After the Court's entry of that final judgment (with its attached schedules), plaintiffs' counsel may move for attorneys' fees.

The plaintiffs object to defendants' proposal on several grounds. First, they insist that the Court must make the necessary damages calculations, not the Plan. This Court understands the Eighth Circuit to require that the judgment includes the amount of the damages awards for the class. But nothing prevents the Plan from performing the

calculations—as it is equipped to do—and providing that information for the Court's review and approval. Moreover, it appears that the plaintiffs' actuary has already approved the calculations as they were run the first time. There is no reason that the parties cannot confer on the damages awards before the schedules are submitted to the Court for final judgment.

Next, plaintiffs articulate that they *do* object to the defendants' calculations in that the defendants do not plan to provide a benefits calculation for the Group B class members. But Group B members have not elected benefits, and they have not been damaged. When they do elect benefits, they will receive the enhanced pension benefit of Section 19.11(f) pursuant to the judgment in this case. Plaintiffs argue that the Group B members' future pension benefits should be calculated as of the date on which each member would first be eligible to elect to receive full retirement benefits. The amount of Group B's future benefits and the assumed relevant dates should, plaintiffs insist, be included as part of the judgment. But those pension benefits are entirely speculative because it is uncertain when those persons will retire or whether they'll receive full retirement benefits. Although plaintiffs' counsel may wish to have those hypothetical numbers included in the judgment to bolster their own request for attorneys' fees, the Eighth Circuit directed this Court to include the benefit calculations "to the extent requested and provable." No one can prove Group B's pension benefits yet because they have not elected to receive a pension.

Finally, plaintiffs object to the fact that defendants have failed to include a total dollar amount of the judgment. This requires a simple fix. The parties can easily provide such a total based on the schedules that will be attached and in the Final Judgment.

In their competing motion, plaintiffs ask the Court to enter an order requiring the parties to jointly do one of the following three things by a set deadline:

1. File a motion for preliminary approval under Rule 23(e), including a proposal for providing notice and an opportunity to object to the absent class members, and presenting either a settlement of the case or a compromise of portions of the case along with motions for the Court's resolution of the outstanding issues.

2. File a motion requesting a trial or motion hearing under Rule 23(c), at which this Court would take evidence, hear argument, and thereafter prepare and enter a judgment.

3. File a motion to refer the case to mediation, with an agreed-upon mediation date and mediator.

Essentially, plaintiffs see the defendants' proposal as a settlement to which the plaintiffs do not agree. This Court disagrees that Rule 23(e) applies at all—the proposed judgment is not a settlement or a compromise, but rather it's the next step required by the Eighth Circuit to effectuate the judgment that the class members are entitled to Section 19.11(f) enhancements.

In addition, plaintiffs appear to agree with the defendants' initial calculations for Group A. Although a second set of calculations is required, the plaintiffs will have an opportunity to review the calculations for accuracy. The defendants will file payment schedules and evidence to support the schedules as part of their proposed final judgment, and the Court will review and adopt the judgment if appropriate. Plaintiffs' concerns about providing notice to class members are unfounded. Although this Court could order notice provided to all the class members before payments are made, the class was certified under Rule 23(b)(2) at plaintiffs' request. Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them

5

notice of the action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011).  No notice is required because a Rule 23(b)(2) class is "mandatory."  *Id.*

As for Group B, as stated above, the Court holds that damages for those class members is not currently provable.  The only issue for Group B is identification of those class members—and plaintiffs have not indicated that they have any quibble with the defendants' apparent ability to identify those individuals.  Group B class members will be advised of the declaratory effect of this class action.  Then, when those class members elect a pension benefit, the defendants will be bound to apply Section 19.11(f) as required by the judgment in this case.  There has been no "settlement," as plaintiffs argue, so Rule 23(e) does not apply to either Group A or Group B.

The Court will therefore grant the defendants' motion for approval of the form of judgment and for establishing a timeframe to finalize judgment.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion to compel (#166) is DENIED.

IT IS FURTHER ORDERED that defendants' motion for approval of form of judgment and for establishing timeframe to finalize judgment (#174) is GRANTED.

IT IS FURTHER ORDERED that, within 45 days of the entry of this Order, defendants shall file under seal the Schedules necessary to complete the judgment, as contemplated in the form of judgment set forth in Exhibit A of the Memorandum in Support of the Motion, using a Remedial Payment Date (as defined in the Memorandum in Support of the Motion as the date certain used to determine the remedial benefits payment) of 180 days of the date of entry of this Order.  Defendants shall also provide the Court

with Exhibit A revised in accordance with this Memorandum and styled as a "Final Judgment" for entry by the Court.

IT IS FURTHER ORDERED that plaintiffs' counsel shall move for attorneys' fees after the entry of final judgment and in accordance with all applicable Court rules.

IT IS FINALLY ORDERED that plaintiffs' motion to enter Rule 23 scheduling order (#181) is DENIED.

Dated this   27th   day of June, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE